IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD HOEFT,

                Petitioner,                                ORDER

       v.                                              08-cv-259-bbc

TOM RENZ, KEVIN PETIT,
BRUCE JOANIS, JEFF KISTNER,
and MIKE SANCHEZ,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In an order entered in this case on May 7, 2008, I assessed petitioner an initial partial payment of the $350 filing fee in the amount of $57.60 and gave him until May 28, 2008, in which to submit his payment. Now petitioner has filed a document titled, "Motion to re-evaluate initial partial filing fee," which I construe as a motion to waive the initial partial payment. In his motion, petitioner says that he does not have the funds to pay the $57.60 initial partial payment and will not be able to do so until he is released from prison.

       Under §1915(b)(4), a prisoner may not be prohibited from bringing a lawsuit if "the prisoner has no assets and no means by which to pay the initial partial filing fee." Petitioner may think that he falls into the category of prisoners who have "no means" to make an initial partial payment, but controlling authority holds otherwise. Petitioner's immediate

shortage of income is not sufficient by itself to allow me to conclude that he lacks the means to pay the initial partial payment pursuant to 28 U.S.C. § 1915(b)(4).  In Newlin v. Helman, 123 F.3d at 435, the court of appeals stated,

> [I]t is not enough that the prisoner lack assets on the date he files.  If that were so, then a prisoner could squander his trust account and avoid the fee.  Section 1915(b)(4) comes into play only when the prisoner has no assets and no means by which to pay the initial partial filing fee.  A prisoner with periodic income has "means" even when he lacks "assets."

Further, in measuring periodic income, § 1915 requires courts to look backward in time rather than forward.  In other words, in determining whether a prisoner has the means to pay, the court cannot consider representations the prisoner makes about his future income or lack of it.  Rather, the court must look at the prisoner's income from the previous six months.  28 U.S.C. § 1915(a)(2).

In this case, I was able to calculate petitioner's initial partial payment based on information he provided in his inmate account balance statement at the time of filing.  This statement showed that for the six-month period immediately preceding the filing of the complaint, petitioner received sizable monthly deposits to his account.  True, 80% of the deposits to petitioner's prison account are being withheld presently to pay petitioner's past debts for state and federal court filing fees.  However, that does not mean that petitioner will be unable to make the payment he has been ordered to pay in this case.  Initial partial payments assessed under § 1915(b)(1) are to receive priority over petitioner's other debts.  Walker v. O'Brien, 216 F.3d 626, 628 (7th Cir. 2000)(initial partial payments are to "come

off the top" of all deposits to prisoner's account).  Thus, the fact that petitioner owes filing fees for other cases does not prevent him from utilizing new deposits to make the $57.60 payment he has been assessed in this case.

It may well be that petitioner will not be able to pay the initial partial payment he has been assessed from the next deposit to his account.  In his motion, petitioner says that his work release job will be ending and he will be making only $.05 an hour.  If petitioner puts in 160 hours at his prison job, as his statement reflects he has been doing, he will make only $8.00 this month.  Thus, it may take petitioner up to seven months in which to accumulate enough money to pay the $57.60 initial partial payment and I cannot put this case on hold until then.

Perhaps petitioner will be able to obtain the funds from another source or his prison pay will increase in the near future.  Therefore, I am willing to allow him an extension of 30 days time to pay the initial partial filing fee.  If, however, by June 13, 2008, petitioner is unable to pay the initial partial payment, I will consider that he has withdrawn this action and he will not owe a filing fee.  In that event, if, at some future time, enough time elapses that a six month trust fund account statement would show that he owes a smaller payment based on his smaller income, he would be free to file a new lawsuit.

ORDER

IT IS ORDERED that

1.  Petitioner's motion to waive the initial partial payment (dkt. #5) is DENIED.

2.  Petitioner may have an enlargement of time to June 13, 2008, in which to submit a check or money order made payable to the clerk of court in the amount of $57.60. If, by June 13, 2008, petitioner fails to make the initial partial payment, the clerk is directed to close this file without prejudice to petitioner's filing his case at a later date.

Entered this 15th day of May, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge